NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZULEYMA BEATRIZ BAIRES SALINAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1006

Agency No.
A202-134-448

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF, District
Judge.[***]

Zuleyma Beatriz Baires Salinas petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from the Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. Where the BIA expressly adopts the IJ's decision and includes additional reasoning, we review the decisions of both the BIA and the IJ. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Questions of law are reviewed de novo, while factual findings are reviewed under the substantial evidence standard. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We deny the petition for review.

**1. Asylum and Withholding of Removal.** "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of . . . membership in a particular social group.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). To establish eligibility for withholding of removal, a petitioner must demonstrate a clear probability of future persecution.

*Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021).

The IJ determined that Baires Salinas failed to establish past treatment rising to the level of persecution.[1] Baires Salinas contends that an incident in which a gang member verbally threatened her constituted persecution. Although threats alone can constitute persecution, "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). We are "most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." *Sharma*, 9 F.4th at 1062 (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019)). Baires Salinas credibly testified that she was once verbally threatened by a gang member and that she never had any other problems with the gang. Her three younger siblings, all of whom remain in El Salvador, have never had any problems with the gang. The threat Baires Salinas describes, without more, does not rise to the level of past persecution.

---

[1] As noted in *Flores Molina*, 37 F.4th at 633 n.2, the standard of review for past persecution is unsettled. *Compare Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (reviewing de novo whether particular acts constitute persecution), *with Sharma*, 9 F.4th at 1060 (applying substantial evidence standard). Regardless of which standard is applied, the incident Baires Salinas describes does not rise to the level of past persecution. Accordingly, "we need not address whether de novo review should apply, or discuss the nuances of the two standards." *Singh*, 57 F.4th at 652.

Substantial evidence supports the IJ and BIA's determination that Baires Salinas did not demonstrate a well-founded fear of future persecution. Although Baires Salinas testified credibly and established a subjective fear of persecution, she has not met her burden to show that such fear is "objectively reasonable." *Sharma*, 9 F.4th at 1065. There is no evidence that the gang has any continuing interest in Baires Salinas specifically, and her immediate relatives have not experienced any harassment. *See id.* at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). And, because Baires Salinas "has not met the lesser burden of establishing [her] eligibility for asylum, [s]he necessarily has failed to meet the more stringent 'clear probability' burden required for withholding" of removal. *Id.* (quoting *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001)).

**2. Convention Against Torture.** To establish a claim under CAT, Baires Salinas must show that it is more likely than not that she will be tortured if removed to El Salvador. 8 C.F.R. § 208.16(c)(2). "Torture is 'more severe than persecution.'" *Davila*, 968 F.3d at 1144 (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). To support a claim for CAT relief, "the torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)).

Substantial evidence supports the IJ and BIA's determination that Baires Salinas failed to establish past torture or a sufficient likelihood of future torture. Because the IJ and BIA "could reasonably conclude that [Baires Salinas's] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. And, although Baires Salinas provides generalized evidence regarding gang violence in El Salvador, no record evidence compels the conclusion that Baires Salinas is more likely than not to be tortured there, or that such torture would involve the requisite state action or acquiescence.

The motion to stay removal (Dkt. No. 2) is denied.

**PETITION DENIED.**